UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWIN C. HOERNER,** | : | |
| **Petitioner** | : | **CIVIL ACTION NO. 3:25-1387** |
| **v.** | : | **(JUDGE MANNION)** |
| **STATE OF PENNSYLVANIA,** **et al.,** | : | |
| | : | |
| **Respondents** | | |

**MEMORANDUM**

Currently before the Court are a petition for a writ of habeas corpus and an application for leave to proceed *in forma pauperis* filed by *pro se* Petitioner Edwin C. Hoerner ("Hoerner"), who is currently incarcerated in a Maryland state prison while serving sentences for several Maryland state criminal convictions. For the reasons stated below, the Court will construe Hoerner's petition as a habeas petition filed under 28 U.S.C. §2254, transfer this action to the United States District Court for the District of Maryland, and defer an initial screening of the petition and disposition of Hoerner's *in forma pauperis* application to the District of Maryland.

I.    **BACKGROUND**

Hoerner commenced the instant action by filing his habeas petition, which the Clerk of Court docketed on July 28, 2025. (Doc. 1). Hoerner neither

remitted the filing fee nor filed an application for leave to proceed *in forma pauperis* with his petition; as such, an Administrative Order issued requiring him to either remit the fee or seek leave to proceed *in forma pauperis*. (Doc. 2.) In response to the Administrative Order, Hoerner filed an uncertified application for leave to proceed *in forma pauperis*, which the Clerk of Court docketed on August 14, 2025.[1] (Doc. 4.)

In his habeas petition, Hoerner indicates that he is serving an aggregate sentence of thirty-one (31) years' incarceration after his convictions for, *inter alia*, bank robbery, armed bank robbery, firearm possession and use of a firearm, and second-degree assault, in three (3) separate criminal cases in the state of Maryland. *See* (Doc. 1 at 1–2); *see also Hoerner v. Ackerman*, No. 22-cv-187, 2022 WL 2916378, at *1 (D. Md. July 25, 2022) (describing Hoerner's allegations about two (2) of his Maryland criminal cases). It appears that Hoerner raises four (4) habeas claims based on those Maryland criminal proceedings, including claims that

---

[1] Hoerner's application is unaccompanied by his certified prisoner trust fund account statement, which he should have submitted in accordance with the *in forma pauperis* statute. *See* 28 U.S.C. §1915(a)(2) ("A prisoner seeking to bring a civil action . . . without prepayment of fees or security therefor, . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . ., obtained from the appropriate official of each prison at which the prisoner is or was confined.").

his counsel was ineffective and that he was incompetent to stand trial. *See* (Doc. 1 at 8–9). In addition, Hoerner appears to claim that law enforcement in Pennsylvania used false information to obtain a warrant to search his premises in Pennsylvania in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution. *See id.* at 6–8. As a result of this alleged misconduct, Hoerner claims that he is entitled to a hearing in "the appropriate PA Court" pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). (*Id.* at 10.) He also seeks an order requiring "PA authorities" to hold a parole revocation hearing or dismiss with prejudice a Pennsylvania parole violation detainer lodged against him.[2] (*Id.*)

## II.   DISCUSSION

A petition for writ of habeas corpus is the exclusive federal remedy for a state prisoner challenging the "very fact or duration" of their confinement and seeking "immediate release or a speedier release from that imprisonment." *Preiser v. Rodriguez*, 411 U.S. 475, 498–99 (1973); *Leamer v. Fauver*, 288 F.3d 532, 542–44 (3d Cir. 2002). In this case, even though Hoerner does not identify the statute upon which he seeks habeas relief, the Court construes his petition as one filed under 28 U.S.C. §2254. *See Coady*

---

[2] Hoerner provides no information in his petition about any Pennsylvania criminal case where this detainer would have originated.

- 3 -

*v. Vaughn*, 251 F.3d 480, 484–85 (3d Cir. 2001) (concluding that state prisoners "challenging the execution of [their] sentence" must rely on Section 2254 and not 28 U.S.C. §2241 to obtain habeas relief); *In re Stitt*, 598 F. App'x 810, 811 n.1 (3d Cir. 2015) (unpublished) (explaining that a state prisoner "challeng[ing] the constitutionality of [their] state conviction or sentence in federal court, [they] must file a habeas petition under 28 U.S.C. §2254" (citation omitted)). Under Section 2254, a district court is authorized to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that [they are] in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a).

To invoke habeas jurisdiction under Section 2254, the petitioner must be "in custody pursuant to the judgment of a State court . . . ." *Id.* More specifically, "the petitioner [must] be in custody 'under the conviction or sentence under attack at the time [their] petition is filed.'" *Lee v. Stickman*, 357 F.3d 338, 342 n.3 (3d Cir. 2004) (quoting *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989)).

Here, it appears that Hoerner is challenging two (2) aspects of his criminal proceedings generally, only one (1) of which this Court presumably has subject-matter jurisdiction to consider. In this regard, and as Hoerner

- 4 -

acknowledges in his petition, he is not incarcerated in a Pennsylvania state correctional institution and does not challenge any conviction or sentence in a Pennsylvania state criminal case. Instead, he is "in custody" in a Maryland state prison while serving his aggregate sentence imposed for his Maryland state criminal convictions. As such, to the extent that Hoerner challenges aspects of his Maryland criminal convictions and sentences, a federal district court has subject-matter jurisdiction to consider his claims under Section 2254.

On the other hand, Hoerner also seeks an order directing him to receive a parole revocation hearing in a Pennsylvania court because a parole revocation detainer is lodged against him. (Doc. 1 at 10.) The Court lacks jurisdiction over this claim because Hoerner does not claim (nor could he) that he is detained in Maryland pursuant to that detainer; as such, he is not "in custody" pursuant to that detainer for habeas purposes. *See, e.g. Lawrence v. United States*, No. 21-cv-2007, 2022 WL 468044, at *2 (M.D. Pa. Feb. 15, 2022) (concluding that court lacked jurisdiction to consider state prisoner's Section 2254 habeas petition challenging his immigration detainer and final order of removal because state prisoner was not being held

- 5 -

pursuant to the detainer).[3] Moreover, he is not "in custody" for habeas purposes simply because a search warrant was issued for his home in Pennsylvania, and even if he was, there is no legal basis to compel a random Pennsylvania state court to hold a *Franks* hearing where no criminal prosecution relating to the challenged search warrant exists.

Despite subject-matter jurisdiction presumably existing for Hoerner's challenges to his Maryland convictions and sentences under Section 2254,

---

[3] To the extent that Hoerner believes that he is entitled to a prompt parole violation hearing, *see* (Doc. 1 at 10), he is mistaken. As the Third Circuit Court of Appeals has explained:

Due process requires that a parole revocation hearing be held "within a reasonable time after the parolee is taken into custody." *Morrissey v. Brewer*, 408 U.S. 471, 488, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). However, the hearing requirement is "not triggered when the warrant is placed as a detainer at an institution where the . . . parolee is already in custody awaiting disposal of an intervening charge or serving a sentence for a crime committed while on supervised release." *United States v. Wickham*, 618 F.2d 1307, 1309, n.3 (9th Cir. 1979). Rather, the duty to provide a hearing arises only when the parolee "is taken into custody as a parole violator by execution of the warrant," because "execution of the warrant and [consequent] custody under that warrant [is] the operative event triggering any loss of liberty attendant upon parole revocation." *Moody v. Daggett*, 429 U.S. 78, 87, 89, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976); *see also McDonald v. New Mexico Parole Bd.*, 955 F.2d 631, 633 (10th Cir. 1991).

*Singleton v. Superintendent Camp Hill SCI*, 747 F. App'x 89, 93 (3d Cir. 2018) (unpublished).

the appropriate forum for Hoerner to raise these challenges is in Maryland federal court, and he needs to identify the proper respondent. Regarding this latter issue, "[i]f the [habeas] petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." R. 2(a), 28 U.S.C. foll. §2254; *see* 28 U.S.C. §2242 (requiring petition for a writ of habeas corpus to, *inter alia*, name "the person who has custody over [the petitioner] and by virtue of what claim or authority, if known"). Therefore, Hoerner should name as respondent the warden of the correctional facility in which he is presently incarcerated in Maryland. *See* R. 2(a), 28 U.S.C. foll. §2254, 1976 advisory committee note ("The proper person to be served in the usual case is either the warden of the institution in which the petitioner is incarcerated or the chief officer in charge of state penal institutions." (internal citation omitted)). It appears very unlikely that proper service of process could be effected on the warden and, thus, equally unlikely that this Court would have personal jurisdiction over the respondent. *See* Fed. R. Civ. P. 4(k) (providing the "[t]erritorial [l]imits of [e]ffective [s]ervice"); *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) ("District courts are limited to granting habeas relief 'within their respective jurisdictions'" (quoting 28 U.S.C. §2241(a)).

- 7 -

As for the forum, this Court is not the proper forum to consider Hoerner's challenges to his Maryland criminal convictions and sentence. Instead, the United States District Court for the District of Maryland, which encompasses the judicial districts where Hoerner was convicted and his current place of incarceration, is the proper forum for such challenges. In instances like this where a habeas petition is filed "in the wrong division or district," the district court "shall dismiss, or if it be in the interest of justice, transfer [the] case to any district or division in which it could have been brought." 28 U.S.C. §1406(a); *see also id.* §1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."); *id.* §1631 (allowing district court to remedy a jurisdictional defect by transferring the action to a jurisdictionally proper court if doing so would serve the "interest of justice"). The Court finds that it would be in the interest of justice and judicial economy to transfer this case to the United States District Court for the District of Maryland because, *inter alia*, the trial courts as well as any records are located within that district.

## III.    CONCLUSION

For the reasons stated above, the Court will construe Hoerner's petition as a habeas petition filed under 28 U.S.C. §2254, transfer this action to the United States District Court for the District of Maryland, defer an initial screening of the petition and disposition of Hoerner's *in forma pauperis* application to the District of Maryland, and direct the Clerk of Court to close this case.[4] An appropriate Order follows.

**MALACHY E. MANNION**
**United States District Judge**

**DATE:** 8/21/25
25-1387-01

---

[4] Because the Court is transferring this action prior to the filing fee being paid or the Court granting Hoerner leave to proceed *in forma pauperis*, the Court has not dismissed without prejudice the portion of the habeas petition pertaining to the detainer and the request for a *Franks* hearing in a Pennsylvania state court even though it appears that there is a lack of federal subject-matter jurisdiction over those claims.

- 9 -